[Civ. No. 1909. Second Appellate District.—September 26, 1917.]

F. H. OLIPHANT, Respondent, v. "HOME BUILDERS" (a Corporation), Appellant.

CORPORATIONS — EMPLOYMENT OF MANAGER — AUTHORITY OF BOARD OF DIRECTORS NOT DIVESTED BY.—A contract of a corporation employing an individual for the period of one year to manage, take charge of, and conduct the business of the corporation along such lines as such individual might deem expedient, had not the effect of divesting the board of directors of its authority to manage and control the corporate affairs.

ID. — TERMINATION OF CONTRACT OF EMPLOYMENT — MISCONDUCT OF MANAGER. — A corporation is warranted in rescinding a contract employing a manager and discharging him prior to the expiration of the contract period, where he executed a contract obligating the corporation to pay a sum of money with knowledge of a resolution of the board of directors requiring contracts to be executed by the president and manager, and when questioned concerning the execution of the contract, denied its existence.

APPEAL from a judgment of the Superior Court of Los Angeles County. C. A. Raker, Judge Presiding.

The facts are stated in the opinion of the court.

Hickcox & Crenshaw, for Appellant.

Garrett & Bush, for Respondent.

JAMES, J.—Plaintiff brought this action to recover from the defendant certain money alleged to be due to the plaintiff on account of services rendered. Defendant appeals from the judgment entered against it.

In June, 1914, a written contract was made between plaintiff and defendant whereby plaintiff was employed for a period of one year as a managing business agent at an annual salary of six thousand dollars, payable at the rate of five hundred dollars per month. By the writing which expressed the contract, it was agreed that the employment should relate back and commence on the thirty-first day of May, 1914. Plaintiff entered upon the employment and continued therein until the tenth day of February, 1915, when the board of directors of defendant by resolution proposed to discharge

him and terminate the contract. The sole question here presented is as to whether defendant corporation had sufficient cause to dispense with the services of plaintiff and end the contractual relations prior to the expiration of the year mentioned in the contract. In its answer the defendant set up that the plaintiff was discharged from its employ "for cause, and for the reason that he was insubordinate, did not obey the instructions of the proper officials of said corporation or the instructions given him by the board of directors, and because he was using the moneys of the defendant corporation for improper purposes and not for the best interests of said defendant corporation." That portion of the written contract determining the character of the employment is as follows: "That the party of the first part [the corporation] does by these presents employ the party of the second part for a period of one year from date to manage, take charge of and conduct the business of the party of the first part along such lines as the said party of the second part may deem expedient and best at a yearly salary of six thousand dollars, payable at the rate of five hundred dollars per month." The trial judge by his findings negatived the allegation of defendant's answer that the discharge of plaintiff was for sufficient cause. It appears from the evidence given that, after entering upon his office as managing agent, the plaintiff initiated an extensive business policy, especially in connection with the exploitation of certain lands in the San Fernando Valley, in Los Angeles County. As the defendant had no title to these lands, the advisability of expending large sums of money, as appears was done, with a view of acquiring title and marketing that property, was the subject of considerable discussion and resulted in opposition on the part of certain of the directors of defendant corporation. When plaintiff first took hold of the matter of the San Fernando lands he did not consult with the directors, but proceeded on his own responsibility, and the first notice that the directors had of his action was furnished them by an advertisement in a newspaper. It was later determined by both the directors and stockholders that the expenditures in that matter should be continued, this policy being apparently dictated by the consideration that, as a large amount of money had theretofore been expended, the protection of the investment required that additional money be used in the same project. There were other matters in which the policy of the

manager was opposed to that of some of the directors. We make this statement preliminarily as showing that the plaintiff assumed to act under his contract of employment as the directing head of the corporation, and that he assumed to act in the making of contracts without first obtaining the sanction of the directors. However broad the terms of the contract of employment, we do not believe that it may be said that they were broad enough to divest the board of directors of the authority imposed upon that board by law to manage and control the affairs of the corporation; nor do we think there was any intent on the part of the board to so delegate its power. It may be said, perhaps, that as to the San Fernando land project, as the acts of plaintiff in that matter were finally ratified, sufficient cause was not shown upon which to base a rescission or termination of the contract under which plaintiff was employed. There was, however, as is shown in the transcript of the evidence, the case of the making of a supplemental contract with one Stoltz. The by-laws of the corporation were not introduced in evidence, but the president testified that, shortly after plaintiff was appointed as manager, a resolution was adopted requiring that all contracts be executed by the president and manager. A contract was in existence between the corporation and Stoltz which had for its object the securing, through the services of Stoltz, funds with which to construct a business building on certain property. Upon certain conditions, Stoltz was to receive a payment of fifteen thousand dollars. On October 2, 1914, the plaintiff wrote to Stoltz a letter in the form of an offer to contract, which supplemented the original contract made and obligated the corporation to pay to Stoltz for six months the sum of $375 per month, with the condition that that amount would be reduced to $125 per month if Stoltz was successful in doing what the original contract provided he was to do. By written acceptance, Stoltz agreed to the terms of this contract. The matter of the making of this supplemental contract was not divulged by the plaintiff, and inquiries of the plaintiff, both by the president of the corporation and a director during a directors' meeting, as to whether there was any other contract in existence of which notice had not been given received a negative response from the plaintiff. In explanation of this matter the plaintiff stated that he made the supplemental agreement with Stoltz for the pur-

pose of protecting the latter in the event that the directors "or some of them" might want to "side step" the paying of the compensation to Stoltz under the original contract.   As an agent of the corporation acting in a fiduciary capacity, it rested upon plaintiff to make full and complete disclosures to his superior officer and the directors as to all business transacted by him in the corporation's behalf.   That a breach of this obligation gave to the corporation the legal right to rescind the contract of employment and discharge the plaintiff, we have no doubt at all.   It seems quite evident that the plaintiff assumed that he possessed the largest authority to bind the corporation by his acts as manager, and assumed that the policy adopted by him was not subject to direction or supervision.   As to the matters to which we have referred, the testimony was uncontradicted.   Plaintiff made no denial of the assertions of the president and director who stated that plaintiff had denied that any other contract was outstanding of which the officers had no knowledge, and there was no dispute at all but that the Stoltz contract had theretofore been made.   Plaintiff did not deny knowledge of the resolution of the board of directors which required that contracts be executed by the president and manager.   In view of this state of the record, we think that the contention of appellant that the evidence was not sufficient to sustain the finding made by the trial judge, wherein it was determined that no cause existed for the discharge of the plaintiff, should be sustained. While that matter is not made the subject of discussion on this appeal, it may be suggested that there is a strong reason also for holding that plaintiff acquiesced in the rescission of his contract.   After receiving notice of the action of the board of directors discharging him, he took his effects away from the office and did not thereafter offer to perform any services in the capacity of manager prior to the commencement of this action.   Neither do we think that the written contract of employment authorized the plaintiff to collect his compensation in advance as in this action he sought to do as to the February, 1915, salary.   The ordinary rule is that services are paid for after they have been performed, unless there is a special contract to the contrary.   The contract here exhibited contains no terms to that effect.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.